**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NOS. A-4084-17T1
      A-1276-18T1

IN THE MATTER OF THE ESTATE
OF KEITH R. O'MALLEY,
  Deceased.

Argued November 21, 2019 – Decided March 10, 2020

Before Judges Alvarez and Suter.

On appeal from the Superior Court of New Jersey, Chancery Division, Monmouth County, Docket Nos. P-000405-16 and P-000280-18.

Robert D. Borteck argued the cause for appellants/cross-respondents Barbara O'Malley, Dennis O'Malley, Jessica Shuman, Dylan Shuman, Luke Shuman, and Brooke Shuman in A-4084-17 and appellants in A-1276-18 (Borteck & Czapek, PC, attorneys; Robert D. Borteck and Christine Socha Czapek, on the briefs).

Anthony J. La Porta argued the cause for respondent/cross-appellant Michele O'Malley in A-4084-17 and respondent Michelle O'Malley in A-1276-18 (Connell Foley LLP, attorneys; Anthony J. La Porta and Daniel B. Kessler, on the briefs).

Brian R. Selvin argued the cause for respondent/cross-appellant Michael K. Feinberg in A-4084-17 and respondent Michael K. Feinberg in A-1276-18 (Greenbaum Rowe Smith & Davis LLP, attorneys; Brian Selvin and Irene Hsieh, on the briefs).

Lauren D. Bercik argued the cause for respondent Estate of Keith O'Malley in A-1276-18.

PER CURIAM

In these two appeals, consolidated for decision, beneficiaries of certain trusts challenge orders granting substantive relief to interested parties and counsel fees. We affirm as to the substantive relief. We also affirm the counsel fee awards, except that we remand for the Probate Part judge to make more detailed findings regarding amounts.

The Estate of Keith O'Malley, who was only thirty-two at the time of his death on June 1, 2014, consists of a $5,000,000 trust created for his minor child (specific bequest trust). The residue of the estate is divided equally between two trusts, a trust designated as available for the benefit of the child (discretionary trust), and a trust for the benefit of his surviving extended family members: mother, father, sister, and the sister's children (family residual trust). In addition, decedent disinherited a second child, a son, which generated litigation ultimately settled by the testamentary trustee and the child. The family residual trust beneficiaries (beneficiaries) did not contribute to the settlement

2

with the son. In fact, when the settlement agreement reached by the testamentary trustee, with contribution from the child, was approved by the Probate Part, it was over the objection of the beneficiaries.

The child, whose interests were represented by her mother, engaged in post-death litigation regarding ongoing support payable by the estate. The beneficiaries object that the child support settlement reached by the testamentary trustee, approved by the judge, was improper because the judge did not review the child's mother's budget. The beneficiaries contend that the child support payable by the estate is excessive, and improperly depletes estate assets while inuring to the benefit of the child's mother.

Two orders are appealed. The first is the April 3, 2018 order awarding counsel fees and costs: the judge's award of $373,116.98 in counsel fees to the child's mother's attorneys, Connell Foley LLP. The beneficiaries object to the amount of fees and payment from estate funds. On cross-appeal, the child's mother challenges the counsel fee award payable on behalf of the beneficiaries' attorney, Borteck & Czapek, P.C., in the amount of $146,772.42. She too contends the award should not be payable from estate funds, and is excessive. The testamentary trustee, also by way of cross-appeal, challenges the award to Borteck & Czapek, contending the fees are unreasonable and were accrued for

the individual benefit of the beneficiaries, not the estate, and therefore should not be paid from estate assets.

In reaching her conclusions, the judge who awarded the fees noted that "this was not an ordinary estate. . . . The [w]ill was [thirty-nine] pages and involved numerous trusts and other requirements." With regard to the amounts, the judge said that she had reviewed the time records of each firm, that the time was invested appropriately, that the fees were reasonable based on the firm's geographical location, and that in light of the extensive years-long litigation, "the amount of fees were necessary for the results . . . ." She further stated that an award of counsel fees should be made from a fund in court when the party receiving them "aided directly in creating, preserving, or protecting the fund." The judge considered the estate assets to be a fund in court from which fees should be paid. She opined that:

> the actions taken by the attorneys in this case were designed to advance the purposes of the [e]state and the testator's estate plan.
>
> Each party viewed its actions as promoting the testator's intent.

Since everyone engaged in litigation attempted to preserve the residuary estate, ultimately benefitting the child as well as the beneficiaries, she was satisfied that all "parties were bona fide in their actions," although they held "divergent

A-4084-17T1

views of how the testator's intent should be fulfilled."  The judge made fees for counsel for the testamentary trustee payable from estate assets because he was a necessary party to all the litigation.  Thus, she ordered $94,389.24 to be paid to Greenbaum, Rowe, Smith & Davis LLP on behalf of the testamentary trustee.

On October 5, 2018, a different Probate Part judge approved a settlement agreement between the child's mother and the testamentary trustee.  That second order is also appealed by the beneficiaries.  Under the agreement, the prior Family Part order for child support of $14,000 per month was reduced to $11,000.  Certain additional fluctuating payments for the child's expenses that mirrored the Family Part order were reduced to fixed amounts.

The judge approved the settlement because it "minimizes the need for contact between the parties and effectively eliminates potential disputes . . . by providing a steady, consistent and clear method of compensation and payments of [the minor child's] support."  The beneficiaries objected to the settlement, among other reasons, because the judge was not provided a monthly budget from the child's mother.  The judge rejected the argument because reviewing the child's mother's budget "would effectively be engaging in the micromanagement

[of the trustee] that our Appellate Division held that our courts cannot do in Wiedenmayer."[1]

The Family Part judge had ordered the creation of a property settlement agreement (PSA) trust in the related litigation, to be funded with $1,000,000. The judge opined that the settlement agreement between the child's mother and the testamentary trustee eliminated potential for future disputes, and created "a clear path forward for these parties." Further, by virtue of the structured settlement, the parties were "increasing the likelihood of the life of the PSA trust, which will then have the effect of increasing the life and preserve the assets of the specific bequest trust . . . ." The judge considered "the settlement agreement [to have] no negative pecuniary impact on the trust . . . [and] may very well and likely will have the effect of reducing obligations related to annual child support." Once the determination was made by the Family Court judge as to the amount of child support, she was bound by that decision. As the judge further explained, the beneficiaries "cite no law, no rule which would permit this [c]ourt sitting in [p]robate to question those determinations . . . ."

---

[1] Wiedenmayer v. Johnson, 106 N.J. Super. 161, 165 (App. Div. 1969) (finding "[o]nly unwarranted judicial interference would induce a negating of the course pursued by the trustees" in the best interests of the beneficiaries).

A-4084-17T1

The beneficiaries raise three points on appeal for A-4084-17:

> POINT I
> THE TRIAL COURT'S AWARD OF LEGAL FEES AND COSTS TO CONNELL FOLEY FROM THE ASSETS OF THE ESTATE CONSTITUTED AN ABUSE OF DISCRETION.
>
> POINT II
> THE TRIAL COURT ERRED IN AWARDING TO GREENBAUM LEGAL FEES AND COSTS FROM THE ASSETS OF THE ESTATE RATHER THAN FROM THE ASSETS OF THE TRUSTS FOR WHICH THE FIRMS' CLIENT SERVED AS TRUSTEE.
>
> POINT III
> THE AWARD TO CONNELL FOLEY WAS AN ABUSE OF DISCRETION BECAUSE THE TRIAL COURT FAILED TO CONSIDER THE REASONABLENESS OF THE REQUESTED FEE AWARD.

By way of cross-appeal, the child's mother raises one point:

> POINT I
> TRIAL COURT ABUSED ITS DISCRETION IN AWARDING FEES TO APPELLANTS.

The testamentary trustee raises a similar point on cross-appeal:

> POINT I
> THE TRIAL COURT ERRED IN AWARDING ROBERT D. BORTEK, P.C.'S FEES AND COSTS BECAUSE ALL OF THE FEES AND COSTS INCURRED WERE FOR THE INDIVIDUAL BENEFIT OF THE FAMILY MEMBERS, NOT THE ESTATE.

The beneficiaries raise three points on appeal for A-1276-18:

POINT I
THE TRIAL COURT ERRED IN APPROVING THE
SETTLEMENT AGREEMENT BECAUSE IT IS NOT
A REASONABLE COMPROMISE OF THE DISPUTE
BETWEEN THE PARTIES.

POINT II
THE TRIAL COURT ERRED IN APPROVING THE
SETTLEMENT AGREEMENT BEFORE FIRST
REVIEWING AND CONSIDERING (1) THE
BUDGET UPON WHICH THE SETTLEMENT WAS
BASED AND (2) [the child's mother's] FINANCIAL
RESPONSIBILITY TO SUPPORT HER CHILD.

POINT III
THE TRIAL COURT ERRED IN APPROVING THE
PROVISION OF THE SETTLEMENT THAT
PERMITS TRUST FUNDS TO BE USED TO PAY [the
child's mother's] FUTURE LEGAL FEES WITHOUT
THE COURT'S REVIEW AND APPROVAL
PURSUANT TO RULE 4:42-9(A)(2).

I.

We first address the beneficiaries' challenge to approval of the settlement

agreement, appeal No. A-1276-18. A fiduciary "shall, in the exercise of good

faith and reasonable discretion," have the power to "compromise, contest, or

otherwise settle any claim in favor of the estate, trust, or fiduciary . . . ." N.J.S.A.

3B:14-23(m). Trustees of a discretionary trust are afforded broad discretion,

implicitly limiting a beneficiary's ability to compel a specific action by the

trustee.  Tannen v. Tannen, 416 N.J. Super. 248, 267 (App. Div. 2010).  Such "absolute and uncontrolled discretion" is limited only by a trustee's determination that a decision is for the beneficiary's best interests. Wiedenmayer, 106 N.J. Super. at 164.  A trustee's decision must be "made in good faith, after consideration of all the facts and attendant circumstances, and for reasonably valid reasons."  Id. at 165.  "Courts may not substitute their opinions as to the [beneficiary's] 'best interests,' as opposed to the opinion of the trustees vested by the creator of the trust . . . to make that determination."  Ibid.

The Probate Part judge did not abuse her discretion in approving the settlement agreement.  The court identified decedent's "clear and unquestioned" principal intent to be the "maintenance and care of the [child.]"  Thus, the Agreement was in her best interest, with the added benefit to the estate that it reduced child support obligations, resolved ongoing legal disputes, and increased the life of the PSA Trust.  It was a reasonable exercise of the testamentary trustee's discretion.

In support of their appeal, the beneficiaries contend the settlement agreement lacked consideration.  But that is an issue they cannot raise, as they are limited to challenging whether the trustee made a good faith decision, supported by the evidence, for reasonably valid reasons.  See Wiedenmayer, 106

N.J. Super. at 165. They have not demonstrated bad faith, or that the settlement agreement was not supported by the evidence, or that the settlement agreement was reached for impermissible reasons.

Consideration is a "bargained-for exchange of promises or performance," which does not even require the dollar amount of a settlement to be lower than the original agreement, so long as there is some exchange. See Bernetich, Hatzell & Pascu, LLC v. Med. Records Online, Inc., 445 N.J. Super. 173, 183 (App. Div. 2016). On its face, the settlement agreement benefits the estate, and thus there was bargained-for consideration.

The beneficiaries again argue that without seeing the child's mother's budget, the court should not have approved the settlement. But the issue is whether the decision was made in the best interest of the beneficiary, and does not require the court to scrutinize the details of that discretionary decision once made by a trustee. See Wiedenmayer, 106 N.J. Super. at 165 ("Only unwarranted judicial interference would induce a negating of the course pursued by the trustees.").

It is always possible that a minor's caretaker benefits from child support. See Isaacson v. Isaacson, 348 N.J. Super. 560, 584 (App. Div. 2002) ("We also recognize . . . that the law is not offended if there is some incidental benefit to

A-4084-17T1

the custodial parent from increased child support payments."). But the focus is solely on whether the minor benefits from the agreement. The child gained benefits from the agreement.

As part of the settlement, the testamentary trustee agreed to fund the child's mother's counsel fees if incurred in future litigation. The beneficiaries argue that equals a blank check. Such fees will be paid from the estate, however, only if approved by the court. If the estate is not required to pay the fees, then they would be paid through the PSA trust. Thus, either the court would approve fees drawn from the estate, or fees would be taken from the child's assets. Therefore, the points raised in No. A-1276-18 regarding the court's approval of the settlement agreement lack merit.

## II.

The decision to award or deny attorney's fees rests within the sound discretion of the trial court. Desai v. Bd. of Adjustment, 360 N.J. Super. 586, 598 (App. Div. 2003). Judges have broad discretion to determine when, whether, and under what circumstances attorney's fees should be awarded. Ibid. A trial court's award of attorney's fees should be disturbed only on the rarest of occasions, "and then only because of a clear abuse of discretion." Rendine v. Pantzer, 141 N.J. 292, 317 (1995).

Generally, rulings by courts of equity on discretionary decisions "are entitled to deference and will not be reversed on appeal absent a showing of an abuse of discretion involving a clear error in judgment." In re Estate of Hope, 390 N.J. Super. 533, 541 (App. Div. 2007).

Abuse of discretion occurs when a decision is "made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis." Flagg v. Essex Cty. Prosecutor, 171 N.J. 561, 571 (2002). An award of fees is an abuse of discretion when not premised upon consideration of all relevant factors, is based upon consideration of irrelevant or inappropriate factors, or amounts to a clear error in judgment. Ibid.

A.

Rule 4:42-9(a)(2) states a court "in its discretion" may award attorney's fees out of a fund in court. A "fund in court" generally refers to some fund in the hands of a fiduciary but within a court's jurisdictional authority to be dealt with. In re Probate of the Alleged Will of Landsman, 319 N.J. Super. 252, 272 (App. Div. 1999). Generally, "allowances are payable from a 'fund' when it would be unfair to saddle the full cost upon the litigant for the reason that the litigant is doing more than merely advancing his own interests." Henderson v. Camden Cty. Mun. Util. Auth., 176 N.J. 554, 564 (2003) (citing Sunset Beach

Amusement Corp. v. Belk, 33 N.J. 162, 168 (1960)). A party who participates in litigation involving an estate may be awarded fees from a fund in court when the litigation serves to "protect the estate or . . . further its proper administration." Sunset Beach, 33 N.J. at 169. They "must have aided directly in creating, preserving or protecting the fund." Landsman, 319 N.J. Super. at 272.

We agree with the Probate Part judge's conclusion that regardless of the perspective of others involved in the litigation, each party sought to maximize estate funds. Decedent's estate plan was intended to substantially benefit the child before all others—thus efforts to maximize estate assets inured to her benefit. In that respect, the actions taken by all parties "were designed to advance the purposes of the estate and the testator's estate plan."

The child's mother engaged in litigation in order to protect her child's interests. The beneficiaries engaged in litigation in order to protect the residuary estate. The testamentary trustee engaged in litigation in order to both protect the child, the focus of decedent's estate plan, while maintaining trust funds at maximal level with an eye to the future. Given the nature of the estate plan and the litigation which followed, both in the Probate and the Family Part, attorneys' fees should be paid from estate funds.

B.

Rule of Professional Conduct 1.5(a) requires that "[a] lawyer's fees shall be reasonable." This applies in all cases regarding fees, not just cases governed by a fee-shifting statute. Furst v. Einstein Moomjy, Inc., 182 N.J. 1, 21-22 (2004). "The starting point in awarding attorneys' fees is the determination of the 'lodestar,' which equals the 'number of hours reasonably expended multiplied by a reasonable hourly rate.'" Id. at 21 (quoting Rendine, 141 N.J. at 335). First, the trial court must determine the reasonableness of the rates proposed in support of the fee application. Id. at 22. "Second, a trial court must determine whether the time expended in pursuit of the 'interests to be vindicated,' the 'underlying statutory objectives,' and recoverable damages is equivalent to the time 'competent counsel reasonably would have expended to achieve a comparable result . . . .'" Ibid. (quoting Rendine, 141 N.J. at 336). Excessive and unnecessary hours spent on the case cannot be included in calculating the lodestar. Ibid.

There is considerable overlap between calculating the lodestar and the factors laid out in Rule of Professional Conduct 1.5(a), but the New Jersey Supreme Court is adamant that the factors "must inform the calculation of the reasonableness of a fee award in . . . every case." Ibid. Those factors are:

(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

(2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

(3) the fee customarily charged in the locality for similar legal services;

(4) the amount involved and the results obtained;

(5) the time limitations imposed by the client or by the circumstances;

(6) the nature and length of the professional relationship with the client;

(7) the experience, reputation, and ability of the lawyer or lawyers performing the services;

(8) whether the fee is fixed or contingent.

[R.P.C. 1.5(a).]

The trial court recognized these factors and applied them to the facts of this case.

In applying the factors, however, the court stated only that it reviewed the records from each attorney and firm, concluding "each firm expended its time properly." That does not suffice.

That same judge, during the course of earlier proceedings, stated that she never reviewed the number of hours expended by attorneys because no

15

A-4084-17T1

reasonable way exists to determine if the sum was appropriate. Unfortunately, pursuant to <u>Rendine</u>, a court must review the number of hours and determine whether or not they are reasonable. 141 N.J. at 336. It is not clear from the record if such review occurred here.

Hence, we agree with the parties that the actual amount of fees requires a more detailed examination and discussion, and remand for that purpose. Although the judge properly exercised her discretion by ordering the sums to be paid from the estate, we have no explanation of the basis for specific numbers awarded. Basically, the judge just gave each firm the amount it requested. That may ultimately be correct, but requires more explicit analysis.

Affirmed, except remanded for reconsideration of specific amounts of counsel fees.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4084-17T1